**FISHER v STEELY et**

Ohio Probate Court, Tuscarawas Co

Decided April 6, 1938

Wilkin, Fisher & Limbach, New Phila-
delphia, for plaintiff.

Carey, Estill & Kuhn, Millersburg. for
defendants.

## OPINION

By LAMNECK, J.

Lydia A. Marschall died testate on April 25, 1924, and on March 3, 1925, her last will and testament was admitted to probate in this court. Her husband Christian R. Marschall, who died on January 8, 1938, elected to take under her will. Item II of the last will and testament of said Lydia ·A. Marschall reads as follows:

"I give, bequeath and devise to my husband, C. R. Marschall, the undivided one-half interest in the residence we now live in, situated in the village of Sugarcreek, Tuscarawas County, Ohio, and any other real estate that I may own or have a right to dispose of at the time of my decease and wheresoever situated, I give and devise to him for and during his natural life and all my household furniture and effects which shall be in and about my residence at the time of my decease, and all moneys, notes, credits or bonds, or any other chattels that I may own at my decease I give and bequeath to him absolutely. It is my will and I direct that my husband shall have the right if he deems proper to do so, to sell any or all of said real estate, and reinvest the same in other real estate, the title of which shall vest in the name of my husband, C. R. Marschall, during his natural life. After the death of my said husband, the real estate devised to him, I give and devise to Levi Steely, Alta M. Schank, and Nova G. Schank, the real estate left and unconsumed by my said husband, in the manner following, one-fifth thereof to Levi Steely, two-fifth thereof to Alta M. Schank and two-fifth to Nova G. Schank, if however any of the said legatees should die before distribution of my estate is made without issue then such deceased legatee's share shall be equally divided among the legatee or legatees that survive and in the event that all of said legatees should die before distribution is made without issue then and in that case, I direct that the real as devised to my hus-, band and left and unconsumed by him, I give and devise to the Brethren Church, the church I belong to, for the benefit of the poor in said church, the same to be distributed among the poor as the church may direct."

The executor of the estate of Christian R. Marschall brings this action for declaratory judgment to construe said will, to determine whether the estate of said Christian R.. Marschall has any interest in the residence mentioned in said will. The defendants Levi Steely, Alta M. Shonk, (Kaser), and Nova G. Shonk, all of whom are living, also ask the court in their answer to determine their respective interests in all of the real estate devised in said will.

If the first sentence of said Item II stood alone, there would be no doubt as to the interest of said Christian R. Marschall in the real estate devised because said first sentence makes a disposition of three classes of property in favor of Christian R. Marschall, (1) an undivided one-half interest in the residence property situated in the village of Sugarcreek, Tuscarawas County,

Ohio; (2) A life estate in any other real estate of the decedent; (3) A gift of all personal property absolutely.

The difficulty arises in subsequent sentences which give the husband power "to sell any or all of said real estate, and reinvest the same in other real estate, the title of which shall vest in the name of my husband, C. R. Marschall during his natural life," and "after the death of my husband, the real estate devised to him I give and devise to" etc., and the "real estate left unconsumed by my said husband."

While courts do not take judicial knowledge of their own records, except that of the case on trial, yet a court having the same issue and the same state of ██ facts before him for determination as in a case already determined, should reach the same conclusion in the case under present consideration as in the case previously determined unless there are extinuating circumstances which warrant a different conclusion.

It is within the court's knowledge that on March 13, 1925, the issues presented to the court in this action were determined by this court in the proceeding to determine inheritance tax. At that time the court held that Christian R. Marschall had a life interest in all of the real estate mentioned in said will including the residence, and that the remainder descended to Levi Steely 1-5; Alta M. Shonk (now Kaser) 2-5; Nova G. Shonk 2-5. Tax was determined and collected in accordance with this construction, and the defendants had notice of that determination, and no exceptions were filed thereto. This determination was made on a petition signed by the said Christian R. Marschall in which he claimed that he had only a life estate in the real estate left by the decedent including the residence property, which increased the tax assessed against the answering defendants in the action.

There is no question that the provisions of this will are inconsistent. While a court might justify a construction holding that Christian R. Marschall had a fee in the residence property because of the language used, yet that should not be done in this case because of the action of the court in the tax case, unless the court can now justify a contrary position.

It is the rule that conflicting provisions of a will should be reconciled so as to conform to the manifest general ██ intent, and it is only in cases where such provisions are wholly and absolutely repugnant that

either should be rejected. Thus, where one clause in a will devises property by words prima facie importing an absolute estate, and by subsequent clause a remainder is given to another person, the first devisee takes only a life estate. (**Robinson v Smith, 72 Oh St 1, 73 NE 1041**).

It is also a rule that when an interest is given or an estate conveyed in one clause of an instrument in clear and decisive terms, such interest or estate cannot be taken away or cut down by raising a doubt upon the extent and meaning of a subsequent clause, unless the subsequent words are as clear and decisive as the words of the clause giving the interest or estate. (**Veazil v McGugin, 40 Oh St 364**).

If two constructions are possible to the clause of a will one of which is in harmony with the provisions of the rest of the will, and the other of which is at variance with them, the correct construction is the one harmonizing all of the provisions. (Page on Wills, §811).

It is impossible to harmonize all of the provisions of this will. The latter provisions of the will clearly give a remainder in the "real estate" to other persons, because the will provides that "after the death of my said husband the real estate devised to him I give and devise," etc. A residence property is real estate.

The court is of the opinion that the words used in the latter part of the will, which give a remainder estate to the defendants are as clear and decisive as ██ the words used in the first line which purport to give a fee to the husband in the residence property, and inasmuch as the courts of this state have ruled that where one provision of a will devises property by words importing a fee, and by another provision a remainder is given to another person, the first devisee takes only a life estate, the court must hold in this case as it did in the inheritance tax case, that Christian R. Marschall has only a life estate in the real property left by the decedent including the residence property, and that the remainder passes to Levi Steely 1-5; Alta M. Shonk (now Kaser) 2-5; and Nova G. Shonk 2-5.